NO. 07-02-0231-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

FEBRUARY 12, 2004

_____

CARL ROBERT DOMINGUEZ, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 181ST DISTRICT COURT OF POTTER COUNTY;

NO. 44,785-B; HONORABLE JOHN BOARD, JUDGE

_____

Before JOHNSON, C.J., and QUINN and CAMPBELL, JJ.

**MEMORANDUM OPINION**

Appellant Carl Robert Dominguez appeals from his conviction for possession of a controlled substance (methamphetamine), greater than one gram but less than four grams. We affirm.

Appellant, while represented by counsel and in open court, pled guilty to the possession charge. The plea was an open plea in that there was no agreed

recommendation of punishment for the trial court. Appellant made the plea on the advice of counsel and in the hope that the trial court would look favorably on the admission and grant probation.

Appellant was admonished, both orally and in writing, by the trial court. Appellant confirmed that he understood the written admonishments that he had signed. The trial court questioned appellant to confirm that he was competent to enter the plea, that the plea was being given knowingly and voluntarily and that he understood the rights that he was waiving by pleading guilty.

At the sentencing hearing the State presented evidence of an alleged aggravated assault of Connie Clement. The State presented testimony and physical evidence to establish that appellant had committed this aggravated assault and that it should be considered in his sentencing for the possession charge. Clement testified that appellant hit her with a metal pole 20 to 30 times and that she sustained two skull fractures, a broken scapula, several broken ribs, a shattered shinbone, a completely torn ACL and injuries to her kidney, liver and bladder as a result.

Appellant testified that he hit Clement in self-defense.

The trial court found that the State's evidence proved the extraneous act of the aggravated assault on Clement beyond a reasonable doubt and stated that, due to the violent nature of this act, he would not sentence appellant to probation.

In addition to pleading guilty and signing a judicial confession relating to the possession charge, appellant admitted during the sentencing hearing that he possessed methamphetamine as alleged. The trial court sentenced appellant to incarceration in the Texas Department of Criminal Justice, Institutional Division, for ten years.

Counsel for appellant has filed a Motion to Withdraw as Counsel and a Brief in Support thereof. In support of the motion to withdraw, counsel has certified that, in compliance with Anders v. California, 386 U.S. 738, 744-745, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), the record has been diligently reviewed and that in the opinion of counsel, the record reflects no reversible error or grounds upon which a non-frivolous appeal can arguably be predicated. Counsel thus concludes that appeal would be frivolous. Counsel has discussed why, under the controlling authorities, there is no arguably reversible error in the trial court proceedings or judgments. See High v. State, 573 S.W.2d 807, 813 (Tex.Crim.App. 1978).

Counsel has certified that a copy of the Anders brief and Motion to Withdraw as Counsel have been served on appellant, and that counsel has appropriately advised appellant of his right to review the record and file a *pro se* response. Appellant has filed a *pro se* response. In his response, appellant urges, in large part, error based on assertions such as allegations that (1) appellant was coerced by trial counsel to plead guilty, (2) trial counsel misled appellant about the effect of his plea and (3) trial counsel failed to introduce evidence which appellant claims existed. Such allegations are not supported by the record and are, to a large degree, in direct contravention to written documents in the record and appellant's testimony during the trial court hearing.

We have made an independent examination of the record to determine whether there are any non-frivolous grounds on which an appeal could arguably be founded. <u>See</u> <u>Penson v. Ohio</u>, 488 U.S. 75, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988); <u>Stafford v. State</u>, 813 S.W.2d 503, 511 (Tex.Crim.App. 1991). The record reveals no such grounds.

The trial court sentenced appellant to ten years incarceration, a penalty within the range of punishment established by the legislature. <u>See</u> <u>Gonzales v. State</u>, 386 S.W.2d 139, 140 (Tex.Crim.App. 1965); <u>Nunez v. State</u>, 565 S.W.2d 536, 538 (Tex.Crim.App. 1978) (en banc).

After a thorough review of the record, we agree with appellate counsel that appeal of appellant's guilt and sentence relating to the possession charge is frivolous. Accordingly, counsel's Motion to Withdraw is granted. The judgment of the trial court is affirmed.


Phil Johnson
Chief Justice


Do not publish.